UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAIN KAY YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV45  HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Respondent's motion for an order finding waiver of the attorney-client privilege. [Doc. No. 95] For the reasons addressed below, the motion is granted.

When a criminal defendant alleges that he or she received ineffective assistance of counsel and puts the defendant's communications with defense counsel at issue, the defendant waives the attorney-client privilege with respect to those communications. See *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); accord *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir.

1998) ("Voluntary disclosure of attorney client communications expressly waives the privilege."). Consequently, when a defendant advances an ineffective-assistance claim in a Section 2255 motion, courts expressly recognize that the defendant waives the attorney-client privilege as to the allegations made in the motion. See, e.g., *United States v. Klinghagen*, No. 20-CR-0034 (WMW/KMM), 2023 WL 146270, at *1 (D. Minn. Jan. 10, 2023); *United States v. Rootes*, No. 18-312 (MJD/LIB), 2021 WL 5235136, at *4 (D. Minn. Nov. 10, 2021

A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield).

Petitioner's Section 2255 motion contends that her former attorneys provided her ineffective assistance by failing to properly communicate and inform Petitioner of the relevant circumstances and likely consequences of proceeding to trial rather than pleading guilty; failing to conduct an adequate independent pretrial investigation; failing to negotiate a reasonable plea agreement with the Government; failing to prepare properly for trial and interview potential defense witnesses; failing to call defense witnesses at trial who were available and ready to testify to refute the Government's case and its witnesses' testimony; failing to review, discuss and explain the PSR to Petitioner; failing to file specific objections

to the PSR; failing to move for a downward variance under § 3553(a); and fail to raise stronger appellate arguments.

In raising these claims of ineffective assistance of counsel Petitioner places at issue her communications with her former attorneys. Because Petitioner has placed all communication with her former attorneys pertaining to these matters at issue and the Court has ordered the United States to respond to Petitioner's allegations at an evidentiary hearing, the Court now recognizes Petitioner's waiver of the attorney-client privilege with respect to her allegations. See *Workman*, 138 F.3d at 1263.

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Respondent's Motion for Miscellaneous Relief Related to Discovery, [Doc. No. 95), is **GRANTED** as to the subject matter of the allegations in Petitioner's Section 2255 motion.

Dated this 5th day of February, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE