UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAIN KAY YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV45 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Petitioner's pro se motion to vacate her sentence under 28 U.S.C. § 2255. (Doc. No. 2308.) The United States of America (the "USA") opposes the motion. For the reasons outlined below, the Court denies Petitioner's motion.

## Background

Petitioner was indicted, along with codefendant Katherine Mock, on charges of conspiracy to commit murder for hire (Count I) and murder for hire (Count II, both in violation of 18 U.S.C. § 1958. The Court appointed Attorney Andrea Smith to represent Petitioner. Subsequently, Attorney Jennifer Herndon was appointed as co-counsel. Following trial, a jury found Petitioner guilty of both counts. The Court sentenced Petitioner to life imprisonment, pursuant to the mandatory statutory sentence of life imprisonment. *Id.*

Petitioner appealed her conviction, arguing the Court (1) admitted testimony of three witnesses regarding Young's prior bad acts that reflected a propensity to commit the crimes charged under Federal Rule of Evidence 404(b); (2) admitted into evidence coconspirator statements despite the lack of corroborating evidence as to the conspiracy's existence; (3) admitted co-defendant Mock's out-of-court statements in violation of her confrontation rights; and (4) admitted into evidence a note found with Petitioner despite the note's lack of authentication. *United States v. Young*, 753 F.3d 757 (8th Cir. 2014). The Eighth Circuit affirmed her conviction. *Id*. at 784, and her petition for writ of certiorari was denied on January 12, 2015.

Petitioner now brings a motion under § 2255, arguing that her sentence should be vacated, set aside, or corrected because her pretrial, trial, and appellate counsel were ineffective.

## Discussion

**Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that she has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

28 U.S.C. § 2255(a).

As relevant here, § 2255(a) authorizes a defendant to seek post-conviction relief if his "sentence was imposed in violation of the Constitution or laws of the United States." Section 2255 does not cover every claimed error in a defendant's conviction and sentence, see *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc), nor is it "a substitute for a direct appeal," *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).

Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Petitioner "bears the burden of showing that [s]he is entitled to relief under § 2255." *Langford v. United States*, 993 F.3d 633, 637 (8th Cir 2021) (quoting *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018)).

**Ineffective Assistance of Counsel**

The United States Constitution guarantees that the accused "shall enjoy the right ... to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076. To overcome that burden, a defendant must first "show that counsel's

3

performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The defendant must show that the errors were not the result of "reasonable professional judgment." *Id*. at 690. There is a strong presumption "that counsel ... rendered adequate assistance." *Id*. Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id*. at 694. A defendant must prove with "a probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

Petitioner offers four grounds for her ineffective assistance of counsel claim: (1) her pretrial counsel failed to properly communicate and inform Petitioner of the relevant circumstances and likely consequences of proceeding to trial rather than pleading guilty; failed to conduct an adequate independent pretrial investigation; and failed to negotiate a reasonable plea agreement with the USA; her trial counsel failed to properly examine witness Jeff Dodson to refute the case by the USA; and (2) failed to call defense witness David Crawford to refute the case by the USA; her sentencing counsel (1) failed to review, discuss and explain the PSR to Petitioner; (2) failed to file specific objections to the PSR; and (3) failed to move for a downward variance under § 3553(a); her appellate counsel (1) failed to

4

communicate with Petitioner regarding her direct appeal; and (2) failed to raise stronger meritorious issues which were "available and ripe for consideration.

Petitioner also argues she received ineffective assistance of counsel during the time her attorney, Jennifer Herndon was suspended from the practice of law by the Missouri Supreme Court from February 2013 to June 2013.

On February 6, 2024 and February 14, 2024, the Court conducted a hearing on Petitioner's Motion.  Petitioner was not present in Court either day due to ongoing health issues. Accordingly, the parties agreed to submit Petitioner's testimony via deposition.  All three attorneys who represented Petitioner testified at the hearing.

The thread that runs throughout Petitioner's claim is that she was advised by her attorneys that the USA presented a plea offer of twenty years. She claims to have continuously asked her lawyers when she was going to meet with the USA to negotiate, and possibly negotiate that offer to a counteroffer of 10 years. The evidence proves otherwise. The USA lead prosecutor, Thomas Dittmeier, unequivocally avers there was *no* plea offer in this case with respect to Petitioner. Mr. Dittmeier informs the Court that he was the only attorney with authority to reach a resolution of the case. No other prosecutor for the USA could have made any plea offers in this matter.

Likewise, counsel for Petitioner have testified that there was no plea offer of twenty years with respect to Petitioner. While Petitioner may have discussed what

5

she would be willing to accept in terms of a plea, there is no evidence other than Petitioner's own self-serving testimony, that any plea offer was presented. This is further evidenced by the complete lack of any documentation of the alleged plea offer. Indeed, Attorney Smith testified that she brought up the subject of a plea to Mr. Dittmeier when she informally told Mr. Dittmeier that Petitioner would accept a plea for ten years. Mr. Dittmeier rejected this offer because he had no intention of negotiating a reduced sentence with Petitioner.

With respect to Petitioner's claim that counsel failed to conduct pretrial investigation, the record belies Petitioner's claim. Petitioner's attorneys conducted extensive pretrial discovery, filed significant pretrial motions, which included legal research and detailed arguments, objected strenuously to the Reports and Recommendations, and investigated the case of the USA through an investigator which counsel sought and received authorization to hire. Petitioner does not detail what more she wanted them to do, except to challenge her attorneys' failure to contact "potential defense witnesses" and "inmates in the county jails who knew Mock," none of whom are identified.

Petitioner alleges that her counsel failed to call witness that would have helped her defense. Petitioner has not demonstrated that "but for counsel's errors, the result of the proceeding would have been different." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). While Petitioner concludes that calling additional witnesses would have helped her defense and contradicted the testimony

6

of the USA witnesses, the Eighth Circuit has "consistently ... affirmed that a defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Jackson v. United States*, 956 F.3d 1001, 1007 (8th Cir. 2020) (internal quotations and citation omitted); see also *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) (concluding that strategic decisions are "virtually unchallengeable unless they are based on deficient investigation"); *United States v. Ruttanamongkongul*, No. CR 17-107(16) (DWF), 2023 WL 7388488, at *1–4 (D. Minn. Nov. 8, 2023).

Petitioner claims counsel was ineffective for failing to discuss the Presentence Investigation Report with her. As the USA rightly observes, the Court questioned Attorney Herndon on whether she had discussed the PSR with Petitioner. Ms. Herndon advised the Court she had indeed discussed the PSR with Petitioner. Petitioner did not, at that time notify the Court that Ms. Herndon had not done so. Notwithstanding this, Petitioner fails to identify what prejudice resulted in her position that the PSR was not discussed with her. Petitioner cannot satisfy the *Strickland* requirement of prejudice.

Likewise, Petitioner claims counsel failed to file objections to the PSR. Petitioner has not shown prejudice for this alleged failure. Petitioner was subject to a mandatory sentence of life, therefore, she cannot demonstrate that any unidentified objections to the PSR would have made any difference. More

7

importantly, however, Petitioner's claim is incorrect. Counsel did indeed file objections, some of which were resolved prior to sentencing.

The same fatal error applies to Petitioner's claim that counsel was ineffective for failing to seek a downward departure. Petitioner was subject to a mandatory life sentence, and as such, a downward departure motion would have been moot.

Petitioner argues that her appellate counsel was ineffective for failing to communicate with her regarding the appeal and failed to raise stronger meritorious issues. Petitioner does not identify what these stronger meritorious issues are. "Counsel is not required to raise every potential issue on appeal. Indeed, the Supreme Court has recognized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (internal quotations and citation omitted). Thus, "[a]bsent contrary evidence," the Court assumes that appellate counsel's decision to narrow the focus on key issues is "sound appellate strategy." *Id.* (internal quotations and citation omitted). Counsel raised significant arguments on appeal: (1) the Court erroneously admitted testimony of three witnesses regarding Petitioner's prior bad acts under Rule 404(b); (2) the Court erroneously admitted into evidence coconspirator statements despite the lack of corroborating evidence as to the conspiracy's existence; (3) the Court erroneously admitted Mock's out of court statements in violation of

8

Petitioner's confrontation rights; (4) the Court erroneously admitted into evidence a note found with Petitioner despite the note's lack of authentication; (5) the Court erroneously denied her motion to sever the joint trial; (6) the court erroneously overruled Petitioner's Batson challenge; (7) the Court erroneously overruled her motion for judgment as a matter of law, because the USA failed to prove an essential element of the offenses – the presence of a bargained-for exchange between the defendants. The Eighth Circuit Court of Appeals found no error, and thus affirmed Petitioner's conviction and sentence.  Petitioner does not identify what more she would have presented on appeal.

Petitioner attempts to render the fact that Ms. Herndon's law license was suspended from February 2013 to June 2013 significant to a finding of ineffective assistance of counsel. The Court rejects Petitioner's argument. Along with several other circuits, the Eighth Circuit has expressly declined to adopt a per se rule of ineffective assistance when "'the defendant was represented by a trained and qualified attorney, albeit one with licensing problems.'" *Bear v. United States*, 777 F.3d 1008, 1011–12 (8th Cir. 2015)(quoting *United States v. Watson*, 479 F.3d 607, 611 (8th Cir.2007).

Moreover, a per se rule would not apply to the district court proceedings in Petitioner's case. Ms. Herndon did not have "licensing problems" until February 2013, during her appellate proceedings. The relevant circumstances here are the same as those under which the Eighth Circuit declined to adopt a per se rule in

9

*Bear* and *Watson*. There are no allegations that Ms. Herndon was not "a trained and qualified attorney," nor is there anything inherent about the suspension which suggests she was unable to represent Petitioner effectively in this court. See *Bear*, 777 F.3d at 1011–12; *Watson*, 479 F.3d at 611. The Court concludes that when an attorney was subject to past professional discipline but, in all respects, remained an attorney, it is inappropriate to infer that the attorney was per se ineffective. *Bear,* 777 F.3d at 1011–12.

## Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a certificate of appealability is appropriate and concludes that no issue is raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Moreover, Petitioner has not made a substantial showing of the denial of a constitutional right. Thus, a certificate of appealability will not issue.

## Conclusion

For the reasons set forth above, the Court denies Petitioner's motion to vacate, set aside, or correct sentence.

Based upon the record before the Court, and the Court being otherwise duly advised in the premises,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not be issued.

Dated this 27th day of February 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE