UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAIN KAY YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV45  HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's *pro se* motion for relief, (Doc. No. 119.). In her motion, Petitioner states:

This motion represents grounds for Relief from the Final order for 2255 of Ineffective Counsel. Hearing date Feb. 6 and 14, 2024. I am motioning for Rule 60, Nee Evidence.
    Attorney Chastidy Amelung provided evidence to me of a "memo" note for 30years from Michael Gorla's law file. Verbally prior Jennifer Herndon had continuously given me verbal notification I would be offered 20 years prior to trial and on the 1st day of the trial. Herndon stated at the opening of trial, "Mike is upstairs getting the deal signed." Family and friends were phone called with the same offer. Now, Gorla's memo surfaces. This is a request for sentence relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transport, Inc*., 320 F.3d 809, 815 (8th Cir. 2003) (internal quotation marks omitted). Additionally, "'[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered

evidence.' *Derby v. Wiskus*, 2023 WL 2571523, at *1 (E.D. Mo. Mar. 20, 2023) (quoting *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010))" *AssuredPartners, LLC v. Edgewood Partners Ins. Ctr., Inc.*, No. 4:24-CV-01711 SEP, 2025 WL 1369964, at *1 (E.D. Mo. May 12, 2025). "A district court has broad discretion in determining whether to grant or deny a motion to reconsider. *Hagerman v. Yukon Energy Corp.*, 839 F. 2d 407, 413 (8th Cir.1998).

Motions for reconsideration "are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Id*. Similarly, a "motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman*, 839 F.2d at 414 (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); see also *Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 n.1 (8th Cir. 1978) (district court properly denied plaintiffs' motion based on newly submitted affidavits where the information in the affidavits was available prior to entry of judgment).

Petitioner does not explain how this proposed "new evidence" was not previously available, nor does she explain how the "evidence" establishes a manifest error. Indeed, the Court has previously held hearings and considered voluminous briefing on whether any offer of 20 or 30 years was available to Petitioner prior to or during her trial. There is nothing in Petitioner's brief motion which compels alteration of the denial of her motion to vacate her sentence.

2

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief, [Doc. No. 119] is **DENIED.**

Dated this 23rd day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE